834 P.2d 1323

**STATE of Idaho, Plaintiff–Respondent,**

v.

**John S. JUSTICE, Defendant–Appellant.**

**No. 19150.**

Court of Appeals of Idaho.

July 9, 1992.

Whittier, McDougall, Souza, Murray & Clark, Chartered, Pocatello, for defendant-appellant. Robert C. Naftz, argued.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., argued, Boise, for plaintiff-respondent.

SILAK, Judge.

John Justice entered a plea of guilty to one count of forgery. On December 5, 1989, the district court sentenced Justice to five years imprisonment with a minimum period of incarceration of two years. The district court retained jurisdiction and placed Justice on probation for five years. After Justice violated his probation terms, the district court revoked his probation. Following the revocation, the district court again retained jurisdiction and allowed Justice to work during the week and spend weekends in the county jail. On December 21, 1990, after Justice violated his probation terms a second time, the district court relinquished jurisdiction. On January 11, 1991, Justice filed a motion asking the court to reconsider his sentence. The district court granted the motion and reduced the fixed portion of Justice's sentence to eighteen months and increased the indeterminate portion to thirty-six months. Justice filed a notice of appeal on February 6, 1991.

■ On appeal, Justice contends that the district court erred in relinquishing jurisdiction. The notice of appeal states that Justice was appealing from the district court's order dated January 29, 1991, which was the order reducing the fixed portion of

Justice's sentence, and "all prior orders relative to the original sentence imposed, the probation violation and the disposition thereof...." The state responds arguing that the appellate court is without jurisdiction to consider these issues because no appeal was taken from the order relinquishing jurisdiction within the forty-two day jurisdictional time limit for filing an appeal. We agree.

The district court entered an order relinquishing jurisdiction on December 21, 1990. The notice of appeal is dated February 6, 1991, which is outside the forty-two day jurisdictional limit in which an appeal may be filed. The time for appeal was not tolled by Justice's Rule 35 motion because the motion was filed more than fourteen days after the order relinquishing jurisdiction. I.A.R. 14(a). Consequently, the only issues Justice could address on appeal are issues relating to the court's order reducing his sentence. However, Justice has raised no argument on these issues. Therefore, the appeal is dismissed.

WALTERS, C.J., and SWANSTROM, J., concur.