835 P.2d 674

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Rogelio CORTEZ, Defendant–Appellant.**

No. 19556.

Court of Appeals of Idaho.

July 30, 1992.

Van G. Bishop, Nampa, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Timothy D. Wilson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Rogelio Cortez pled guilty [1] to one count of aggravated assault. For this offense, he received a unified sentence of five years in the custody of the Board of Correction, with a minimum period of two years' confinement. Pursuant to I.C. § 19–2601(4),

---

1. In exchange for Cortez' plea, the state agreed not to file an habitual offender charge, and to dismiss a pending probation violation charge.

the district court retained jurisdiction over Cortez for 120 days. Cortez was sent to the North Idaho Correctional Institution (NICI) for evaluation, with the possibility that the district judge would suspend his sentence and place him on probation. The court later extended its jurisdiction an additional sixty days. At the end of this period, the court followed the recommendation of the Jurisdictional Review Committee at NICI and relinquished its jurisdiction, leaving Cortez in the custody of the Board of Correction to serve the remainder of his sentence. On appeal, Cortez contends that the procedures employed by the NICI Jurisdictional Review Committee in preparing its final report to the court violated his rights to due process. He also argues that the length of his sentence was unjustified under the circumstances of his case. We affirm.

I

▮ We turn first to Cortez' due process claim. Cortez asserts that the procedure employed by the NICI Review Committee did not meet the minimum requirements set by the Idaho Supreme Court in *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978).[2] In *Wolfe,* our Supreme Court held that a prisoner has a sufficient interest in the fairness of his evaluations by the staff at NICI to invoke the procedural due process requirements of our state and federal constitutions. *Wolfe,* 99 Idaho at 387, 582 P.2d at 733. Given that the defendant has a right to these procedural safeguards, it is clear that he or she must also have a right to judicial review of the procedures used to prepare the report. *Id.* at 393, 582 P.2d at 739 (Bakes, J., dissenting). How-

ever, the defendant must first seek judicial relief from the sentencing judge, who, after all, is the one at whose direction and for whose benefit the Jurisdictional Review Committee has prepared the report. The defendant's request may be made by way of a petition for post-conviction relief under I.C. § 19–4901, *et seq. Wolfe,* 99 Idaho at 390, 582 P.2d at 736. In some instances, the defendant may also raise the issue on a motion to the sentencing court prior to its relinquishment of jurisdiction.[3] In this case, Cortez did not raise his due process claims to the district court. He has raised them for the first time on this appeal.

We will not address on appeal a challenge to the defendant's sentence where the trial court was not first given an opportunity to consider the issue. *State v. Martin,* 119 Idaho 577, 808 P.2d 1322 (1991). It is well settled that issues not raised before the trial court cannot later be raised on appeal absent a showing of fundamental error. *State v. Lavy,* 121 Idaho 842, 828 P.2d 871 (1992); *State v. Mauro,* 121 Idaho 178, 824 P.2d 109 (1991). The record in this case is devoid of any indication that the alleged defects in the procedure employed by the Review Committee were ever brought to the attention of the district judge, nor has Cortez asserted that fundamental error occurred. Consequently, we decline to address the merits of this portion of Cortez' appeal.

II

▮ We turn now to Cortez' contention that his sentence of five years, with a mandatory period of two years' incarceration, was unjustified and ought to be vacat-

---

**2.** In *Wolfe,* our Supreme Court stated:

Before a report is sent back to the sentencing judge (pursuant to the retained jurisdiction of I.C. § 19–2601), certain procedures must be followed. The prisoner must be given adequate notice before the hearing, including notice of the substance of all matters that will be considered. The prisoner must be given an opportunity to explain or rebut any testimony or recommendations. In addition, the prisoner must be free to call witnesses in his behalf from among the employees and other prisoners at NICI. This information

should be included in the report sent back to the sentencing judge.

These minimal procedures will help ensure the report is as complete as possible and guarantee a basic fairness for both the prisoner and the sentencing judge.

99 Idaho at 389, 582 P.2d at 735.

**3.** Although a defendant has no right to a hearing before the court's decision to relinquish jurisdiction, *State v. Ditmars,* 98 Idaho 472, 567 P.2d 17 (1977), he is not precluded from raising a claim that the preparation of his report from NICI involved a procedural impropriety.

ed. We note that Cortez' sentence is within the statutory maximum. I.C. § 18–906. Accordingly, our review of his sentence is based on an abuse of discretion standard. *Wolfe*, 99 Idaho at 384, 582 P.2d at 730. A sentence may represent such an abuse if it is demonstrated to be unreasonable under the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). Absent a showing that the court abused its discretion, we will not disturb the sentence on appeal. *State v. Broadhead*, 120 Idaho 141, 814 P.2d 401 (1991); *State v. Hedger*, 115 Idaho 598, 768 P.2d 1331 (1989).

In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App. 1989). Thus, we view Cortez' actual term of confinement as two years. To establish that his sentence was improper, Cortez must show that, in light of the governing criteria, his sentence was excessive under any reasonable view of the facts. *State v. Small*, 107 Idaho 504, 690 P.2d 1336 (1984). In reviewing a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App.1982).

The victim in this case, Cortez' estranged wife, reports that on the evening of the assault she was watching television at home with her children and a male friend. Cortez entered the house to pick up some of his belongings. He became extremely upset at the sight of his wife in the company of another man and attempted to kick the man in the face. He then grabbed a butcher knife from the kitchen and chased the other man out of the house and down the street. With the knife still in his hand, Cortez returned to the house and began yelling at his wife. He struck her across the face with his free hand, knocking her to the floor and causing her to hit her head on the television set. He continued shouting at her until he threw the knife at the wall. The police apprehended him as he left the house.

With respect to Cortez' character, the presentence investigation report shows that Cortez has an extensive history with the criminal justice system, including three prior felony convictions and numerous misdemeanors. He has been incarcerated in the penitentiary and also has served time on parole and on probation. Cortez argues that the circumstances surrounding the crime, particularly the fact that he found his wife in a "compromising" situation with another man [4] which provoked his actions, are mitigating circumstances in his favor which the court was required to consider. The record is clear that the court did consider these circumstances, although the court did not arrive at the conclusion urged by Cortez. At the sentencing hearing, the judge explained:

> You are basically a person who has been through the system several times. You've been to Cottonwood, you've been on intensive probation, you have been on probation, you've been on—you have prior convictions. And [the] Court's real concern is whether there's a chance that—or likelihood that you might reoffend.

> .    .    .    .

> [I]f this were a first time offense, the Court would be looking at, you know, probation, or at the most maybe 120-day rider. But I really feel that under the circumstances where you've been through the system, you understand what's required on probation, you know the various things that are involved, that

---

**4.** Cortez' wife sharply disputes Cortez' account of the situation. She claims her behavior was wholly appropriate and that she was merely watching television with her friend and children when Cortez entered her home.

it really puts the Court in a very difficult position to be able to extend to you a—basically a second or third chance.

Based on the record presented in this case, we conclude that the sentence imposed—five years with a minimum period of two years' confinement—can reasonably be viewed as necessary to accomplish the sentencing objectives set forth in *Toohill.* Accordingly, we will not disturb the sentence on appeal.

Cortez' judgment of conviction, including the unified sentence of five years with a fixed two-year period of confinement, is affirmed.