852 P.2d 503

**STATE of Idaho, Plaintiff–Respondent,**

**v.**

**Frank P. URIAS, Defendant–Appellant.**

**No. 19862.**

Court of Appeals of Idaho.

April 26, 1993.

Stevan H. Thompson, Idaho Falls, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

This is a sentence review. The defendant-appellant, Frank Paul Urias, challenges the district court's order relinquishing its retained jurisdiction and denying probation, the order denying Urias' request to be transported to the hearing on his Rule 35 motion, and the amended judgment of conviction, entered after consideration of Urias' motion for reduction of sentence. For the reasons explained below, we affirm.

### Facts and Procedural Background

Based upon evidence that he gave cocaine to three young men, Urias was charged with and pled guilty to delivery of a controlled substance. For this offense, the district court sentenced Urias to seven years in the custody of the Board of Correction, with a minimum term of three years' confinement. The court denied Urias' initial request for probation. However, pursuant to I.C. § 19–2601(4), the court retained jurisdiction over Urias for 120 days with the view that at the end of this period, the court would revisit its decision to confine Urias and possibly place him on probation. Urias then was sent to the North Idaho Correctional Institution (NICI) for evaluation. Based upon an unfavorable report and recommendation from NICI, the district court chose to adhere to its original decision and, on December 5, 1991, entered an order relinquishing its jurisdiction. Eight days later, Urias filed a motion seeking relief under Idaho Criminal Rule 35. Anticipating that an evidentiary hearing would be granted, Urias also moved for an order that he be transported from NICI to attend the hearing. On December 17, 1991, the district court held a hearing to determine whether to grant Urias' motion for transport. After considering arguments on the motion to transport, the court agreed to allow counsel to orally argue the Rule 35 motion, but directed that any testimony be submitted in the form of written affidavits. The court also held that Urias' physical presence at the Rule 35 hearing would not be necessary, and accordingly denied his motion for transport.

The Rule 35 motion was argued on February 10, 1992. Counsel for Urias asked the court to reconsider and to reverse its earlier order relinquishing juris-

diction,[1] and, in the alternative, to reduce the fixed portion of Urias' term of confinement. At the conclusion of that hearing, the court amended the judgment of conviction to reduce the fixed portion of Urias' sentence from three to two years, thus reducing his overall sentence from seven to six years. Urias filed this appeal.

## Issues Presented and Standard of Review

Properly stated, the issues raised by Urias in this appeal are (1) whether the district court erred by relinquishing jurisdiction; (2) whether the court erred in denying Urias' request to be present and testify at his Rule 35 hearing; and (3) whether Urias' amended sentence of six years, with a minimum period of two years' confinement, was excessive in light of the information presented with his Rule 35 motion. All of these issues are reviewed on appeal under an abuse of discretion standard. I.C. § 19–2521; *see, e.g., State v. Snow,* 120 Idaho 277, 815 P.2d 475 (Ct.App. 1991) (refusal to grant probation); *State v. Morrison,* 119 Idaho 229, 804 P.2d 1360 (Ct.App.1991) (denial of motion to reduce sentence); *State v. Lee,* 117 Idaho 203, 786 P.2d 594 (Ct.App.1990) (order relinquishing jurisdiction); *State v. James,* 112 Idaho 239, 731 P.2d 234 (Ct.App.1986) (denial of defendant's request to appear in person at Rule 35 hearing). Under that standard, the appellate court conducts a multi-tiered inquiry. The sequence of that inquiry is (1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason. *State v. Hedger,* 115 Idaho 598, 768 P.2d 1331 (1989).

## 1. Did the district court err by not granting Urias probation and by relinquishing jurisdiction?

Urias contends that the district court erroneously relinquished jurisdiction at the end of the retained period. A period of retained jurisdiction provides a defendant with the chance to demonstrate his rehabilitation potential and gives trained correction officers an opportunity to evaluate that potential. *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978). With the benefit of a report from NICI, the sentencing court can reconsider its initial decision to impose a sentence of confinement, and if the situation merits, modify the defendant's sentence to allow probation. *See id.,* 99 Idaho at 385, 582 P.2d at 731; *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). The decision to allow probation or whether, instead, to release jurisdiction over the defendant, leaving him to serve his sentence in the custody of the Board of Correction, is a matter within the sound discretion of the sentencing court. *State v. Ogata,* 95 Idaho 309, 508 P.2d 141 (1973); *State v. Williams,* 112 Idaho 459, 732 P.2d 697 (Ct. App.1987). The legal standards applicable to this exercise of discretion are contained in I.C. § 19–2521, which prescribes criteria for weighing probation against a sentence of confinement. This section provides, in part, that a sentence of confinement, rather than probation, may be imposed if "[t]here is undue risk that during the period of a suspended sentence or probation the defendant will commit another crime." I.C. § 19–2521(1)(a).

Urias argues that the district court abused its discretion by relinquishing jurisdiction before Urias had an opportunity to demonstrate his rehabilitation potential. As noted by Urias, when the district court sentenced Urias and retained jurisdiction, the court expressly required that Urias complete an inpatient substance abuse treatment program before probation would be granted. However, the staff at NICI

---

1. Idaho Criminal Rule 35 does not provide a vehicle for "reconsideration" of an order relinquishing jurisdiction. Relief from such order may appropriately be sought through a direct appeal. I.A.R. 11(c)(9). We note, however, that Urias' appeal was timely filed both as to the amended judgment of conviction, entered upon consideration of Urias' Rule 35 motion for a reduction, and as to the order relinquishing jurisdiction. *See* I.C.R. 35; I.A.R. 11(a). Accordingly, we will consider both challenges raised by Urias in this appeal.

did not select Urias for placement in its limited capacity drug program, explaining that the program evaluator found Urias' motivation for treatment to be minimal. Urias contends that the NICI staff's failure to place him in the program denied him the chance to prove his potential for substance abuse rehabilitation, and, accordingly, the district court should not have relinquished its jurisdiction. We note, however, that the unfavorable recommendation from NICI was based on Urias' poor attitude and his prior record of offenses, in addition to his drug problem. According to the report, the NICI staff viewed Urias as immature and easily influenced by his peers. The report also stated that Urias' "actions have shown he lacks foresight, is unaccepting of responsibility for his actions, and [that he] has a tendency to be dishonest." Urias further complains that the NICI report overemphasized his criminal juvenile record. Although the instant offense indeed was Urias' first crime as an adult, we cannot overlook the fact that he was only eighteen years old at the time he committed it. Moreover, Urias' juvenile record is significant. It includes possession of marijuana, two counts of petit theft, and two counts of grand theft. The Committee also reported that Urias had been provided several drug counselling opportunities in the past, yet had continued to reoffend. Based upon this information, the Committee concluded that Urias presented a high risk of reoffending and decided that his chances of completing probation were poor. We hold that this report, together with the other information before the court, provided a sufficient basis to deny probation in conformity with I.C. § 19–2521. The court properly could conclude that Urias presented an undue risk of reoffending if placed on probation, regardless of Urias' opportunity or ability to complete a substance abuse program. Therefore, the court's decision to deny probation and to relinquish jurisdiction will not be disturbed.

## 2. Did the court err in denying Urias' motion to be transported to the hearing?

Urias contends that the district court erred in denying his motion to be transported from NICI to be present at the hearing on his Rule 35 motion for reduction of sentence. A request under Rule 35 essentially is a plea for leniency, which may be granted where new or additional information indicate that the original sentence was unduly severe. *State v. Hernandez*, 121 Idaho 114, 822 P.2d 1011 (Ct.App.1991). A Rule 35 hearing, if held, takes place after the defendant has been accorded his right to be present at sentencing. Thus, the sentencing judge may consider and decide the motion without any additional testimony. *State v. Arambula*, 97 Idaho 627, 550 P.2d 130 (1976); *State v. Hoffman*, 112 Idaho 114, 730 P.2d 1034 (Ct.App.1986); *James*, 112 Idaho at 242, 731 P.2d at 237. The decision whether to permit the defendant to testify at a Rule 35 hearing rests within the sound discretion of the sentencing court. *See State v. Pattan*, 116 Idaho 699, 778 P.2d 821 (Ct.App.1989); *James*, 112 Idaho at 242, 731 P.2d at 237. A court abuses that discretion when it unduly limits the information it considers in deciding the Rule 35 motion. *James*, 112 Idaho at 242, 731 P.2d at 237; *State v. Torres*, 107 Idaho 895, 693 P.2d 1097 (Ct.App.1984).

Urias contends that his motion for transport should have been granted in view of allegations contained in his affidavit which he filed with the district court. We note, however, that this affidavit was not presented to the sentencing judge until February 10, 1992, nearly two months *after* the hearing and decision on Urias' motion for transport. Furthermore, we have reviewed Urias' affidavit and conclude that, while purporting to allege that Urias was verbally abused and had his rights violated while at NICI, it does not contain evidence indicating that Urias' original sentence was unduly severe, and as such has no bearing on his request for leniency under Rule 35. Nor has Urias presented any additional information which the district court could have considered had Urias been permitted to testify. In short, Urias has failed to allege any facts to indicate that he was prejudiced by not being present at the hear-

ing. Because Urias has not demonstrated that the district court unduly limited the information considered in deciding the motion, we hold that the district court did not abuse its discretion when it denied his motion for transport.

 Urias also suggests that, in view of the allegation in his affidavit that his rights were violated while at NICI, the district court should have ordered a further hearing on the NICI Committee's report and recommendation, and that the court should have allowed him to testify in rebuttal to that recommendation. We note that a defendant generally is not entitled to a court hearing on the report and recommendation issued by NICI Jurisdictional Review Committee. *State v. Ditmars*, 98 Idaho 472, 567, P.2d 17 (1977); *State v. Hall*, 112 Idaho 925, 736 P.2d 1379 (Ct.App.1987). Nor is a defendant entitled to a hearing on the court's decision whether to relinquish jurisdiction. *State v. White*, 107 Idaho 941, 694 P.2d 890 (1985). However, as we observed in *State v. Cortez*, 122 Idaho 439, 835 P.2d 674 (Ct.App.1992), the fact that a prisoner who goes before the NICI Committee is accorded certain limited procedural rights—*i.e.*, notice of the intended recommendation and an opportunity to respond, including the right to call witnesses—may give rise to a right to judicial review of the procedures employed by the NICI reviewing committee. *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978); *Cortez*, 122 Idaho at 440, 835 P.2d at 675. To warrant such a review, however, the inmate must timely allege facts, which, if proved, would establish a procedural violation for which he or she is entitled to relief. *See McDonald v. State*, 124 Idaho 103, n. 2, 856 P.2d 893, n. 2 (Ct.App.1992).

Although Urias avers that the NICI Committee violated his due process rights, he has not provided this Court with any argument or information to support that contention. His affidavit does not allege any facts which, if true, would be sufficient to establish that the Committee violated his notice and hearing rights. Moreover, the report submitted by the NICI Committee indicates to the contrary. It contains documents, signed by Urias, showing that Urias appeared before the Committee at the recommendation hearing, that the Committee informed him of his rights to rebut the report and to call witnesses on his behalf, and that Urias exercised these rights. Attached to the Committee's report is the handwritten rebuttal statement signed by Urias, and also statements from no less than seven witnesses selected by Urias. Furthermore, we can discern from the record no request by Urias that the court conduct a review of the procedures used by NICI to produce his report. For these reasons, we conclude that judicial inquiry into those procedures was not warranted.

### 3. Is Urias' reduced sentence excessive in light of the information presented with the Rule 35 motion?

 Finally, Urias asserts that the duration of his reduced sentence—six years with two years fixed—was excessive in view of the information presented with his Rule 35 motion. A motion to reduce an otherwise lawful sentence is addressed to the sound discretion of the district court, I.C.R. 35; *State v. Forde*, 113 Idaho 21, 740 P.2d 63 (Ct.App.1987), which may be granted where new or additional information indicate that the original sentence was unduly severe. *State v. Hernandez, supra.* The criteria for examining rulings denying the leniency requested are the same as those applied in determining whether the original sentence was reasonable. *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct. App.1984). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez*,

115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). Thus, we will treat Urias' actual term of confinement as two years, the minimum period he must serve before he will be considered for parole. When reviewing the reasonableness of a sentence in a given case, we conduct an independent examination of the record. We focus upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

In this case, the sentencing court had the benefit of a presentence investigation report, illuminating Urias' character and the nature of his offense. Together with the court record, this information revealed that Urias' crime involved the trading of drugs for stolen firearms. According to the police report, Urias gave a quarter ounce of cocaine to three young men in exchange for stolen guns. The record further indicates that these young men later led police on a high speed chase, and that two of them took their own lives pursuant to a supposed "suicide pact" just as the three were about to be apprehended. Urias had no involvement with these boys aside from having provided cocaine to them and the fact that cocaine was detected in their bodies after the suicides. With respect to his character, we note that Urias was eighteen years old at the time of this crime, his first adult felony. However, his juvenile record reflects that Urias has been an offender since the age of thirteen, having committed numerous offenses including possession of drug paraphernalia, possession of marijuana, petit theft, and grand theft. Urias also admitted to using a variety of illegal drugs, and claimed he was a "chemist" who made his own LSD and crystal methamphetamine. Based upon this record, we conclude that the district judge could view a period of two years' incarceration as reasonably necessary to protect society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution.

Urias submits that his sentence, although reduced from that originally imposed, improperly reflects the district court's desire to punish him for the suicides. While Urias readily acknowledges that there often are sinister consequences to drug use, he argues that the new information disclosed to the court at the Rule 35 motion—namely, the fact that the three youths had been involved in a recent homicide in the state of Colorado—suggests that fear of prosecution and punishment for murder, rather than the influence of cocaine, induced the suicides. We note, however, that while the district court may properly have considered these facts as underscoring the serious nature of Urias' offense, there simply is nothing to support Urias' contention that the court held him responsible for the deaths, or concluded that Urias should be incarcerated as punishment for those occurrences. As explained above, the facts in the record amply support the sentence imposed by the court. We hold, therefore, that the district court did not abuse its sentencing discretion.

**Conclusion**

We hold that the district court did not abuse its discretion in relinquishing its jurisdiction. We further hold that the court did not err in refusing to order Urias transported to the hearing on his Rule 35 motion. Finally, we conclude that Urias' reduced sentence, entered upon consideration of his Rule 35 motion, was not unreasonable under the circumstances.

The district court's order relinquishing its retained jurisdiction, and its order denying Urias' motion for transport, are affirmed. The amended judgment of conviction including Urias' unified sentence of six years with two years' minimum confinement is also affirmed.

SWANSTROM, J., and CAREY, J., pro tem., concur.