894 P.2d 153

**STATE of Idaho, Plaintiff–Respondent,**

v.

**William Joseph ROBERTS,
Defendant–Appellant.**

No. 21420.

Court of Appeals of Idaho.

March 27, 1995.

Petition for Review Denied May 23, 1995.

PER CURIAM.

The appellant, William Roberts, pled guilty to robbery and received a unified sentence in the custody of the Board of Correction for a term of ten years, with a five-year minimum period of confinement. I.C. §§ 18–6501; 18–6503; 19–2513. The district court entered an order on March 30, 1994, relinquishing jurisdiction following a period of retained jurisdiction under I.C. § 19–2601(4), notwithstanding the receipt of a report from the Department of Corrections recommending that Roberts be placed on probation. Roberts then filed a motion on May 5, 1994, requesting reconsideration of the order relinquishing jurisdiction and for reduction of the sentence under I.C.R. 35. The district court denied this motion on May 23, 1994, and Roberts filed a notice of appeal on June 27, 1994. He contends that the district court abused its dis-

cretion by relinquishing jurisdiction and by refusing to grant leniency under Rule 35. We affirm.

■ Roberts' appeal is not timely with regard to the order relinquishing jurisdiction because the notice of appeal was filed more than forty-two days after the order was entered and no motion was filed within fourteen days from entry of the order which would have extended the time to appeal from that order. I.A.R. 14; *State v. Justice,* 122 Idaho 407, 834 P.2d 1323 (Ct.App.1992). Accordingly, this Court does not have jurisdiction to entertain a direct challenge to that order.

■ Roberts' appeal was timely with regard to the order denying his postjudgment motion under Rule 35 for leniency and to reconsider the order relinquishing jurisdiction. The timeliness of the appeal in this respect permits an appellate review of the district court's discretionary decision denying the postjudgment motion. However, a motion under Rule 35 does not provide a vehicle for "reconsideration" of an order relinquishing jurisdiction. Relief from such an order more appropriately should be sought through a direct appeal. *State v. Urias,* 123 Idaho 751, 754, n. 1, 852 P.2d 503, 506, n. 1, (Ct. App.1993); I.A.R. 11(c)(9). *See also, State v. Nelson,* 104 Idaho 430, 659 P.2d 783 (Ct.Ap. 1983) (time for appeal from order suppressing evidence not extended by motion to reconsider suppression order); *State v. Yeaton,* 121 Idaho 1018, 829 P.2d 1367 (Ct.App.1992) (motion to reconsider order revoking probation did not extend time to appeal from revocation order, and district court lacked jurisdiction to grant order for reconsideration, *per* J. Swanstrom and J. Silak, concurring).

■ As noted, Roberts' notice of appeal was filed more than forty-two days following the order relinquishing jurisdiction and did not timely preserve for appellate review the court's decision to relinquish jurisdiction. The filing of the motion to reconsider in this case does not allow Roberts to obtain review of an order not timely appealed. Therefore, the district court's decision to deny reconsideration of its order relinquishing jurisdiction will be sustained.

■ Consequently, the only issue in this appeal which can be decided on the merits is whether the district court abused its discretion in denying Roberts' motion for leniency under Rule 35. It is well settled that a motion to reduce or to modify an otherwise lawful sentence under Rule 35 is addressed to the sound discretion of the sentencing court, *State v. Forde,* 113 Idaho 21, 740 P.2d 63 (Ct.App.1987), and essentially is a plea for leniency which may be granted if the sentence originally imposed was unduly severe. *State v. Lopez,* 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). The denial of such a motion will not be disturbed absent a showing that the court abused its discretion. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine (1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason. *State v. Hedger,* 115 Idaho 598, 768 P.2d 1331 (1989).

■ The criteria for examining the district court's denial of the requested leniency are the same as those applied in determining whether the original sentence was reasonable. *Lopez, supra,* at 450, 680 P.2d at 872. In other words, we examine the probable duration of confinement in light of the nature of the crime, the character of the offender, and the objectives of sentencing, which are the protection of society, deterrence, rehabilitation, and retribution. *Id.*

■ The unified ten-year sentence imposed by the district court in this case was within the maximum penalty of life imprisonment provided for the crime of robbery. I.C. § 18-6503. The information had charged Roberts with one count of robbery and one count of conspiracy to commit robbery, alleging that Roberts drove the getaway car involved in the armed robbery of the Maverick Country Store in McCall, Idaho. His plea of guilty to the robbery was the result of negotiations which included dismissal by the prosecutor of the conspiracy count, dismissal of a pending charge of intimidating a witness, and

dismissal of five burglary counts involving businesses in McCall.

Roberts was 25 years old when he was sentenced in this case. He was an admitted drug and alcohol abuser. His prior criminal record included two burglary convictions in Oklahoma, a conviction in Texas for possession of marijuana, one conviction for willful concealment of goods, and five driving related violations. At the time of this offense, another charge related to possession of marijuana was pending against Roberts. Disposition of this latter charge is not disclosed in the record.

The ten-year sentence with a five-year minimum period of confinement was recommended by the prosecutor. Roberts' counsel concurred in the prosecutor's recommendation. At the time the court imposed sentence, the court agreed to follow these recommendations. In doing so, the court commented that the recommended sentence was "very fair considering the defendant's prior felony contact with the law and the potential seriousness of an armed robbery, whether he took part in it as an aider and an abettor or whether he was the one that actually had the gun in hand, it's a very serious situation, it calls for a strong punishment."

Upon considering Roberts' Rule 35 motion, the district court again reviewed Roberts' prior history and his involvement in the robbery. The judge also reviewed Roberts' performance while in the retained jurisdiction program at Cottonwood. The court noted that Roberts had received a disciplinary offense report and several warnings about his conduct. Further, the court found that Roberts had written a series of letters to his girlfriend in which he impliedly threatened various individuals with retribution. The district court determined that Roberts had not raised any issues that would cause the court to conclude that its original sentencing decision was unduly severe, or that the sentence should be reduced. Accordingly, the court denied Roberts' motion for relief.

We have considered the record and arguments presented in light of the principles applicable to appellate review of the denial of relief under I.C.R. 35. We conclude that Roberts' sentence was reasonable when im-

posed and that the district court did not abuse its discretion in denying Robert's motion to reduce the sentence.

The order denying Roberts' motion under I.C.R. 35 is affirmed.