# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 39396

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 588 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 10, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JAMES ALLEN GERDON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Appeal from order denying motion to overturn verdict and amended motion to vacate, dismissed; order denying motion to withdraw guilty plea, affirmed.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

James Allen Gerdon appeals from the district court's order denying his motion to overturn verdict and amended motion to vacate and the order denying his motion to withdraw his guilty plea. For the reasons set forth below, we dismiss Gerdon's appeal from the order denying his motion to overturn verdict and amended motion to vacate and affirm the order denying his motion to withdraw his guilty plea.

In 2004, Gerdon pled guilty to four counts of sexual abuse of a minor under the age of sixteen, I.C. § 18-1506(1); three counts of lewd and lascivious conduct with a minor under the age of sixteen, I.C. § 18-1508; and two counts of attempted lewd and lascivious conduct with a minor under the age of sixteen, I.C. §§ 18-1508, 18-306. The district court sentenced Gerdon to concurrent, determinate terms of fifteen years for four counts of sexual abuse of a minor under the age of sixteen; concurrent, unified terms of thirty years, with minimum periods of confinement of fifteen years, for three counts of lewd and lascivious conduct with a minor under

1

the age of sixteen; and concurrent determinate terms of fifteen years for two counts of attempted lewd and lascivious conduct with a minor under the age of sixteen.

In March 2004, Gerdon, acting pro se, filed a motion to overturn verdict. Shortly thereafter, Gerdon's attorney filed a direct appeal. On May 19, 2005, this Court affirmed Gerdon's judgment of conviction and sentences. Gerdon took no action with respect to his motion to overturn verdict. On August 29, 2011, Gerdon filed an amended motion to vacate, renewing his 2004 motion to overturn verdict. The district court treated both of these motions as an I.C.R. 35 motion, in part because of the relief sought. The district court denied Gerdon's motion, on the grounds that it was untimely and, therefore, the district court lacked jurisdiction to decide the motion. On November 14, 2011, Gerdon filed a motion to withdraw his guilty plea, which the district court also denied. Gerdon appeals.

Gerdon acknowledges that the motions were untimely, but nevertheless asserts that the district court erred. We will first address the district court's denial of the motion to overturn verdict and amended motion to vacate. Pursuant to I.A.R. 21, failure to file a notice of appeal with the clerk of the district court within the time limits prescribed by the appellate rules deprives the appellate courts of jurisdiction over the appeal. Idaho Appellate Rule 14(a) provides, in part:

> Any appeal . . . may be made only by physically filing a notice of appeal with the clerk of the district court within 42 days from the date evidenced by the filing stamp of the clerk of the court on any judgment, order, or decree of the district court appealable as a matter of right in any civil or criminal action.

In this case, Gerdon's notice of appeal was filed forty-five days after the entry of the order denying his motions.[1] As such, this Court lacks jurisdiction to hear his appeal. *See* I.A.R. 14; *see also State v. Roberts*, 126 Idaho 920, 922, 894 P.2d 153, 155 (Ct. App. 1995) (appellate court has no jurisdiction to hear direct challenges to an order after a party fails to comply with I.A.R. 14).

We next address the district court's denial of Gerdon's motion to withdraw his guilty plea. Generally, a trial court loses jurisdiction to modify or amend a judgment once it becomes final, either by way of affirmance on appeal or expiration of the time for appeal. *State v. Jakoski*,

---

[1] Gerdon filed a motion to reconsider the ruling on his motion to overturn verdict and amended motion to vacate, but it was not timely and, therefore, did not toll the time for appeal.

139 Idaho 352, 355, 79 P.3d 711, 714 (2003). An exception to this general principle exists where either a rule or statute prolongs jurisdiction. *Id.* However, there is no such rule or statute with regard to withdrawal of guilty pleas. *See* I.C.R. 33. Here, on direct appeal, this Court affirmed Gerdon's judgment of conviction and sentences in May 2005. He did not seek review of that decision. Therefore, the judgment became final forty-two days after entry of the order of remittitur. I.A.R. 14; *Jakoski,* 139 Idaho at 355, 79 P.3d at 714. Thus, because Gerdon filed the motion to withdraw his guilty plea on November 14, 2011, the district court lacked jurisdiction to decide that motion. *See id.*

Gerdon's appeal from the order denying his motion to overturn verdict and amended motion to vacate was untimely and we are without jurisdiction to hear it. Therefore, the appeal from that order is dismissed. The district court lacked jurisdiction to consider Gerdon's motion to withdraw his guilty plea. Accordingly, the district court's order denying his motion to withdraw his guilty plea is affirmed.

Chief Judge GRATTON and Judge LANSING, **CONCUR.**