# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43746

| | | |
|---|---|---|
| JAY NEWBERRY, | ) | 2017 Unpublished Opinion No. 373 |
| | ) | |
| Petitioner-Appellant, | ) | Filed:  February 21, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County.  Hon. Randy J. Stoker, District Judge.

Judgment summarily dismissing petition for post-conviction relief, affirmed.

Jay Newberry, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

GUTIERREZ, Judge

Jay Newberry appeals from the district court's order summarily dismissing Newberry's petition for post-conviction relief.  He specifically argues the district court erred in sentencing and in relinquishing jurisdiction.  For the reasons explained below, we affirm the district court.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Following a felony driving under the influence (DUI) conviction out of Twin Falls County, the district court imposed Newberry's sentence and ordered it to run consecutively to his DUI sentence out of Ada County.  The Twin Falls County district court retained jurisdiction under the condition that Newberry would be placed in a Therapeutic Community rider program.  Newberry was removed from the program after he violated the probation terms in his Ada County DUI case.  The Twin Falls County district court relinquished jurisdiction and ordered the original sentence executed.

1

Newberry filed a petition for post-conviction relief. He included various allegations pertaining to his sentence and the district court's decision to relinquish jurisdiction. Additionally, Newberry filed an application for appointment of counsel. The district court denied this application, reasoning Newberry's post-conviction claims were frivolous and, as such, counsel would not assist in developing any claims. After providing notice, the district court summarily dismissed Newberry's petition. The district court found that all of Newberry's claims were forfeited because Newberry could have raised them on direct appeal, and Newberry failed to allege facts which, if true, entitled him to relief on any of his post-conviction claims. Newberry timely appeals.

## II.

## ANALYSIS

Newberry asserts the district court erred in summarily dismissing his petition for post-conviction relief. A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of

2

material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free

review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

The scope of post-conviction relief is limited. *Knutsen v. State*, 144 Idaho 433, 438, 163 P.3d 222, 227 (Ct. App. 2007). A petition for post-conviction relief is not a substitute for an appeal. I.C. § 19-4901(b). A claim or issue that was or could have been raised on appeal may not be considered in post-conviction proceedings. *Id.*; *Mendiola v. State*, 150 Idaho 345, 348-49, 247 P.3d 210, 213-14 (Ct. App. 2010).

In his petition, Newberry alleged his sentence was unconstitutional, his sentences should have run concurrently instead of consecutively, the district court lacked jurisdiction to impose the sentence, the district court erred in relinquishing jurisdiction, and the case should have been dismissed. However, such claims were forfeited under Idaho Code Section 19-4901(b) because Newberry could have raised the claims on direct appeal. Sentencing is a matter left to the discretion of the sentencing judge and is not ordinarily appropriate for review in a post-conviction proceeding. *Gonzales v. State*, 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct. App. 1991). Moreover, relief from an order relinquishing jurisdiction should be sought through a direct appeal. *State v. Roberts*, 126 Idaho 920, 922, 894 P.2d 153, 155 (Ct. App. 1995). Newberry's claims, therefore, create no basis for post-conviction relief. Accordingly, the district court did not err in summarily dismissing Newberry's petition for post-conviction relief.

### III.
### CONCLUSION

Because Newberry's claims could have been raised on direct appeal, they were forfeited and may not be considered in his post-conviction proceedings. We therefore affirm the district court's summary dismissal of Newberry's petition for post-conviction relief. Costs on appeal awarded to respondent.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.