769 P.2d 1145

**Bruce Allen DYER,
Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 16948.**

Court of Appeals of Idaho.

March 2, 1989.

Jonne' E. Kohler, Nampa, for petitioner-appellant.

Jim Jones, Atty. Gen. by Peter C. Erbland, Deputy Atty. Gen., Boise, for respondent.

BURNETT, Judge.

In *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978), our Supreme Court established minimum procedural due process requirements for prisoner evaluations under the retained jurisdiction program at the North Idaho Correctional Institute (NICI). Today we must decide whether those requirements were satisfied in the present case and whether an order relinquishing jurisdiction should be set aside. These questions are framed by the district court's summary dismissal of an application for post-conviction relief. For reasons explained below, we affirm the order.

### I

The facts essential to our opinion are undisputed. Upon pleas of guilty, Bruce Allen Dyer was convicted on two counts of lewd and lascivious conduct with a twelve-year-old-boy. The district court pronounced concurrent, indeterminate sentences of twenty years, but suspended each sentence and placed Dyer on probation. The court later received a probation officer's report stating that Dyer had failed to complete a rehabilitation program and had made an inappropriate contact with another minor. The court revoked Dyer's probation and ordered the twenty-year sentences into execution. However, the court retained jurisdiction for 120 days under I.C. § 19–2601(4), expressing a desire that Dyer be placed in the sexual offender program at the NICI. As the 120–day period drew to a close, the evaluation committee at NICI recommended—and the district court granted—a sixty-day extension in the retained jurisdiction. During the additional sixty days, the committee held a meeting which, so far as the record shows, complied with the due process requirements articulated in *State v. Wolfe, supra.* After the meeting, the committee sent the district judge a report finding Dyer to be "a relatively high risk to re-offend." Nevertheless, the committee recommended probation under numerous conditions, including participation in mental health, substance abuse and vocational rehabilitation programs.

Before the district court could act upon this recommendation, the NICI committee held another meeting. On this occasion, according to allegations made in the application for post-conviction relief, the meeting was convened on less than twenty-four hours' notice to Dyer. The committee then considered information recently received from a confidential source. The informant apparently had told the committee that Dyer possessed photographs of the victim of the original lewd and lascivious conduct, and that Dyer had expressed an intention to see the boy again as soon as possible. As further alleged in the application for post-conviction relief, Dyer was not allowed to confront the confidential informant nor to present testimony from NICI staff members regarding the unreliability of an individual surmised to be the informant. After this second meeting, the committee amended its report to the district court. This time the committee recommended that the court not grant probation and that it relinquish jurisdiction. The court thereafter did so, without conducting any further hearing of its own.

Dyer subsequently filed the application for post-conviction relief, asserting that the order relinquishing jurisdiction was tainted by constitutional error because it was based upon proceedings at NICI which did not comport with the minimum procedural due process requirements enunciated in *Wolfe*. Deeming the material facts to be uncontroverted, the district court summarily dismissed the application under I.C. § 19–4906. The judge made no determination as to whether due process requirements had been satisfied. Rather, the judge simply noted that his earlier decision to relinquish jurisdiction had not turned on the information considered by the NICI committee at its second meeting. Rather, the judge said, his decision was based upon "consideration of not only the two reports received from the staff at NICI, but the entire record in this matter, including the facts and circumstances surrounding the court's revocation of [Dyer's] first probation in this case." This appeal followed.

## II

An order summarily dismissing an application for post-conviction relief is functionally equivalent to a summary judgment in a civil case under I.R.C.P. 56. *E.g.*, *Ramirez v. State*, 113 Idaho 87, 741 P.2d 374 (Ct.App.1987). Accordingly, for the purpose of appellate review, the allegations in the post-conviction relief application are deemed to be true; however, summary dismissal of the application will be upheld if the allegations would not entitle the applicant to relief as a matter of law. *E.g.*, *Williams v. State*, 113 Idaho 685, 747 P.2d 94 (Ct.App.1987). Thus, the question presented in this case is twofold: (a) whether the alleged facts show a deprivation of due process in the NICI proceedings and, if so, (b) whether such a constitutional violation entitles Dyer to any relief in view of the district judge's expressed reasons for relinquishing jurisdiction.

### . A

With respect to the first question, we have little hesitancy in saying that the allegations demonstrate a failure by the NICI committee to comply fully with the requirements enunciated in *Wolfe*. In that case, our Supreme Court held as follows:

Before a report is sent back to the sentencing judge (pursuant to the retained jurisdiction of I.C. § 19–2601), certain procedures must be followed. The prisoner must be given adequate notice before the hearing, including notice of the substance of all matters that will be considered. The prisoner must be given an opportunity to explain or rebut any testimony or recommendations. In addition, the prisoner must be free to call witnesses on his behalf from among the employees and other prisoners at NICI. This information should be included in the report sent back to the sentencing judge.

*State v. Wolfe*, 99 Idaho at 389, 582 P.2d at 735. The Court further stated that compliance with these requirements was necessary not only to protect the constitutional rights of the prisoner but also to assure that the sentencing judge would receive an accurate report upon which he could exercise sound discretion in deciding whether or not to relinquish jurisdiction.

In the present case, we hold that the procedures allegedly employed by the NICI committee were deficient. The committee allegedly convened a meeting on less than twenty-four hours' notice to the prisoner, considered information obtained from a confidential source, denied the prisoner an opportunity to confront the source, and further denied him an opportunity to attack the reliability of the supposed source through testimony of NICI staff members. These alleged facts, presumed to be true for the purpose of this discussion, manifestly demonstrate a denial of procedural due process.

### B

The second issue is more troubling. The state has argued that even if the final NICI report was tainted with constitutional error, the result was unaffected because the district judge had an ample basis on the "whole record" to relinquish jurisdiction. In essence, the state has made a "harmless error" argument.

The concept of harmless error cannot be applied routinely to questions of judicial discretion. On such questions, there is no single "right" answer that can be upheld despite an error in the proceedings below.

> If the word discretion conveys to legal minds any solid core of meaning, one central idea above all others, it is the idea of *choice*. To say that a court has discretion in a given area of law is to say that it is not bound to decide the question one way rather than another.

Rosenberg, *Judicial Discretion of the Trial Court, Viewed from Above*, 22 SYRACUSE L.REV. 635, 636–37 (1971) (footnote omitted, emphasis original). Accordingly, we have held that where a discretionary decision by a trial judge is tainted by legal or factual error, the proper appellate response ordinarily is to remand for a proper exercise of discretion, free of error. A remand may be avoided *only* if it is plain from the judge's own expressed reasoning that the result would not change, or if it appears that any different result would represent an abuse of the judge's discretion. *State v. Morgan*, 109 Idaho 1040, 712 P.2d 741 (Ct.App.1985).

Here, we deem it clear from the judge's own remarks that his decision to relinquish jurisdiction was predominantly based upon facts in the record other than those contained in the NICI committee's second report. The judge referred to the nature of the underlying offenses, the revocation of Dyer's prior probation, and the marginal character of the NICI committee's initial recommendation of probation—qualified as it was by the finding that Dyer was a "relatively high risk to re-offend." Thus, based upon the judge's own careful explanation of his reasoning, we conclude that the decision to relinquish jurisdiction was reached independently of the information generated by the NICI committee in its error-infected second meeting. A remand would not change the judge's reasoning or the result obtained. Under the unique circumstances of this case, therefore, we conclude that a remand is unnecessary.

The district court's order denying the application for post-conviction relief is affirmed. No costs or attorney fees awarded on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.