856 P.2d 893

**Brian C. McDONALD, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 19963.**

Court of Appeals of Idaho.

Dec. 29, 1992.

Petition for Review Denied May 24, 1993.

104

Institute. The sole issue presented is whether the allegations in the application framed any genuine issue of material fact.[1] For the reasons explained below, we conclude that they do not and the summary dismissal was proper.

In October, 1989, Brian McDonald was convicted in two separate cases, before different judges, of driving under the influence of alcohol. For these offenses he received concurrent, unified sentences of five years with a one-year minimum period of confinement. In each case, the sentencing court decided to retain jurisdiction for 120 days to permit a further evaluation of McDonald's potential for rehabilitation and his suitability for probation. McDonald was then placed in the North Idaho Correctional Institute (NICI) at Cottonwood. The committee initially decided to recommend a sixty-day extension of McDonald's retained jurisdiction program, but after holding a hearing on that matter, changed its position and issued a final report and recommendation concluding that McDonald was unfit for probation and recommending that jurisdiction be relinquished. Jurisdiction subsequently was relinquished in both cases and McDonald was left to serve out his sentences in the custody of the Board of Correction.

Nearly two years later, McDonald filed a verified application for post-conviction relief alleging that the procedures employed by the NICI review committee violated his due process rights, and seeking to set aside the order relinquishing jurisdiction. In his application he asserted that the only notice and hearing provided him was on the committee's intended recommendation for an extension of jurisdiction. He contended that he was not advised of the committee's subsequent recommendation against probation until after the hearing, and that his request for a hearing on this new recommendation was denied. The effect of these procedures, McDonald submitted, was to deny him his right to call witnesses on his

Stewart A. Morris, Boise, for appellant.

Larry EchoHawk, Atty. Gen., Thomas P. Watkins, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

This is an appeal from an order of the district court summarily dismissing an application for post-conviction relief. The applicant sought relief for alleged violation of the due process requirements for prisoner evaluations under the retained jurisdiction program at the North Idaho Correctional

---

1. The application also contained allegations of ineffective assistance of counsel; however, McDonald has not pursued these claims on appeal.

behalf. In response to the district court's notice of intent to dismiss, McDonald filed an affidavit naming five witnesses he would have called if given the opportunity, along with a brief description of the testimony he expected from each one of them. No answer or other responsive pleadings were filed by the state. After reviewing the record, but without holding a hearing, the district court entered an order dismissing the application. This appeal followed.

## Due Process

■ The purpose of an evaluation under the retained jurisdiction procedure is to provide the court with additional information so that it can determine a convicted defendant's potential for rehabilitation and suitability for probation. *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978); *State v. Boswell,* 118 Idaho 725, 800 P.2d 121 (Ct.App.1990). A good report indicating rehabilitative potential may result in a suspended sentence and probation. *Wolfe,* 99 Idaho at 385, 582 P.2d at 731. In *Wolfe,* our Supreme Court recognized that a prisoner's liberty interest in the fairness of his evaluation is sufficient to invoke the protections of the state and federal due process clauses, and held that the Board of Correction must afford certain minimum procedural safeguards. The Court said:

> Before a report is sent back to the sentencing judge (pursuant to the retained jurisdiction of I.C. § 19–2601), certain procedures must be followed. The prisoner must be given adequate notice before the hearing, including notice of the substance of all matters that will be considered. The prisoner must be given an opportunity to explain or rebut any testimony or recommendations. In addition, the prisoner must be free to call witnesses in his behalf from among the employees and other prisoners at NICI. This information should be included in the report sent back to the sentencing judge.

99 Idaho at 389, 582 P.2d at 735.

■ Given that a prisoner has a right to these procedural safeguards, he or she must also have a right to judicial review of the procedures used to prepare the report. *See Wolfe,* 99 Idaho at 393, 582 P.2d at 739 (Bakes, J., dissenting). Generally, the prisoner must request this review, at least in the first instance, from the sentencing judge, for whose benefit and at whose request the report has been prepared. *See State v. Martin,* 119 Idaho 577, 808 P.2d 1322 (1991); *State v. Cortez,* 122 Idaho 439, 835 P.2d 674 (Ct.App.1992); *State v. Denny,* 122 Idaho 563, 835 P.2d 1374 (Ct.App. 1992). Where, as in this case, the district court is not apprised of a procedural defect until years after its occurrence, it has all but lost any opportunity to meaningfully reconsider the option of probation. This is so because, even if constitutional violations required that the original order relinquishing jurisdiction be vacated, on remand the evidence of a prisoner's rehabilitative potential will be limited by the 120–day jurisdiction restriction imposed by I.C. § 19–2401. *See Brandt v. State,* 118 Idaho 350, 796 P.2d 1023 (1990). An inmate's efforts at rehabilitation, or his lack thereof, while under the jurisdiction of the Board of Correction would fall outside the scope of a new probation hearing. *Id.* 118 Idaho at 352, 796 P.2d at 1025. Thus, where the district court's retained jurisdiction has long since terminated, the value of the admissible information would have become outdated and less reliable, and a sentencing court generally would not be inclined to rely on it. For this reason, and for reasons of judicial efficiency, we believe the more effective procedure for redress of the evaluation committee's noncompliance with *Wolfe's* requirements would be *immediately* to bring the issue to the attention of the sentencing judge, who then could promptly address the matter.[2]

In this case, however, McDonald has raised the claim in an application for post-conviction relief, nearly two years after the Board of Correction prepared its report. Nonetheless we note that our Supreme Court has expressly indicated that review

---

2. To require a further hearing by the court, the prisoner would bear a burden of alleging facts which, if true, establish a procedural violation for which he or she is entitled to relief.

of the procedures used to prepare the report is available under the Post–Conviction Procedure Act, I.C. § 19–4901, et seq.[3] *See Wolfe,* 99 Idaho at 390, 582 P.2d at 736. Accordingly, we will review the application under the standards for post-conviction relief.

### Post–Conviction Relief Proceeding

■ An order summarily dismissing an application for post-conviction relief is functionally equivalent to a summary judgment in a civil case under I.R.C.P. 56. *Dyer v. State,* 115 Idaho 773, 769 P.2d 1145 (Ct.App.1989); *Ramirez v. State,* 113 Idaho 87, 741 P.2d 374 (Ct.App.1987). Where it appears from the pleadings that no genuine issue of fact exists, the trial court may summarily dispose of the application; however, where genuine issues of material fact exist, an evidentiary hearing must be held as provided in Idaho Code § 19–4906. *See* I.C. § 19–4906(b); *Griffith v. State,* 121 Idaho 371, 373, 825 P.2d 94, 96 (Ct.App. 1992); *Whitehawk v. State,* 116 Idaho 831, 780 P.2d 153 (Ct.App.1989). For purposes of appellate review, the allegations in the post-conviction relief application are deemed to be true. Summary dismissal of the application will be upheld, however, if the allegations would not entitle the applicant to relief as a matter of law. *See, e.g., Parrott v. State,* 117 Idaho 272, 787 P.2d 258 (1990); *Griffith,* 121 Idaho at 373, 825 P.2d at 96; *Ramirez,* 113 Idaho at 88, 741 P.2d at 375. Thus, the question presented in this case is two-fold: (a) whether the alleged facts show a deprivation of due process in the NICI proceedings and, if so, (b) whether such a constitutional violation entitles McDonald to any relief. *See Dyer,* 115 Idaho at 775, 769 P.2d at 1147.

■ Viewing the record in a light most favorable to McDonald, as is required under this standard of review, *see Parrott,* 117 Idaho at 275, 787 P.2d at 261, we conclude that the procedures allegedly employed by the NICI committee failed to comply fully with the requirements enunciated in *Wolfe.* As stated above, McDonald was entitled to advance notice "of the substance of all matters that will be considered" by the NICI committee, an opportunity to rebut any recommendation, and the right to call witnesses. 99 Idaho at 389, 582 P.2d at 735. These procedural rights clearly include the right to advance notice of, and a hearing on, a recommendation that probation not be granted.

■ Next, we must determine whether, under the alleged facts, the constitutional violation entitles McDonald to relief. In his affidavit McDonald states that if he had been afforded his procedural rights, he would have called five witnesses from among the institutional staff: two classroom instructors, who would testify favorably to the effort he put into his classes, and three other correctional officers who would testify to his hard work and success in the program. However, the NICI report indicates that the committee expressly recognized McDonald's scholastic progress, his participation in AA and a family class, and that he had received ratings of "good" from five of the six correctional staff who evaluated him. These staff evaluations were included with the report to the sentencing courts. Rather, it is evident from the committee's other comments that its negative recommendation was based upon two specific events that occurred while McDonald was at NICI. The first was McDonald's attempt to participate in a program made available exclusively to men who had served in Viet Nam, which McDonald had not. The other involved McDonald's circumvention of institutional rules, known to him, by reserving bed space for himself at an alcohol treatment facility without obtaining permission. McDonald's affidavit allegations do not attempt to dispute, explain, or impeach this information.

Furthermore, the sentencing court's written order relinquishing jurisdiction[4] re-

---

3. At the time McDonald filed his application for post-conviction relief, I.C. § 19–4902 provided a limitation period of five years within which to commence such an action. The statute was amended during the pendency of this appeal, reducing the time period to one year. 1993 Idaho Sess. Laws, ch. 265, § 1, p. 898.

4. Upon the filing of the order relinquishing jurisdiction in the first case, the court in the second case likewise relinquished jurisdiction, evidently realizing that under the concurrent struc-

flects that the court had favorably noted McDonald's five "good" ratings. Nevertheless, the court went on to explain that probation was not appropriate in light of the two, undisputed incidents at NICI, McDonald's long history of alcohol abuse, his recent convictions for aggravated assault and robbery, and the fact that he had a record of at least six DUI convictions.

We have previously noted that where a discretionary decision by a trial judge is tainted by legal or factual error, the proper appellate response ordinarily is to remand for a proper exercise of discretion, free of error. *Dyer*, 115 Idaho at 776, 769 P.2d 1148. However, a remand may be avoided *if* it is plain from the judge's own expressed reasoning that the result would not change, or if it appears that any different result would represent an abuse of discretion. *Id.; State v. Morgan*, 109 Idaho 1040, 712 P.2d 741 (Ct.App.1985). Based upon the district court's stated reasons for relinquishing jurisdiction—which McDonald's proffered information fails to rebut or impeach—we conclude that the alleged procedural error resulted in the omission of evidence that was cumulative and inconsequential. Thus, although the NICI report was tainted with constitutional error, we conclude that a remand would not change the judge's reasoning or the result obtained in this case.

The district court's order summarily denying the application for post-conviction relief is affirmed. No costs or attorney fees awarded on appeal.

SWANSTROM, J., concurs.

SILAK, J., recused herself after submission of the case but prior to the issuance of the Court's opinion.

ture of the sentences, a contrary decision would not affect McDonald's period in confinement.