876 P.2d 599

Thomas D. THORGAARD, Petitioner–Appellant,

v.

STATE of Idaho, Respondent.

No. 20039.

Court of Appeals of Idaho.

April 28, 1994.

Stewart A. Morris, Boise, argued for appellant.

Larry EchoHawk, Atty. Gen., Thomas P. Watkins, Deputy Atty. Gen., argued, Boise, for respondent.

WALTERS, Chief Judge.

Thomas Thorgaard filed an application for post-conviction relief alleging he had been denied due process during his jurisdictional review hearing at the North Idaho Correctional Institution (NICI). *See State v. Wolfe*, 99 Idaho 382, 390, 582 P.2d 728, 736 (1978). Following an evidentiary hearing, the district court denied Thorgaard's request for relief and ordered his application dismissed. For the reasons stated below, we reverse the decision to deny relief, vacate the order and remand the case for further proceedings.

**Facts and Procedural Background.**

Upon Thorgaard's plea of guilty to one count of lewd conduct with a minor, the district court sentenced him to a unified ten-year term, with a minimum period of confinement of three years. The district court retained jurisdiction for 180 days to permit further evaluation of Thorgaard's potential for rehabilitation and his suitability for probation. *See* I.C. § 19–2601(4). Thorgaard was then placed in the "rider program" at NICI for evaluation.

Thorgaard's initial review hearing before the jurisdictional review committee (the Committee) was scheduled for September 10, 1990. At that time, the Committee provided Thorgaard with copies of the written evaluations submitted by the correctional officers, all of which rated his performance in the rider program as "good." However, because the Committee had not yet received Thorgaard's psychological evaluation or an evaluation from his social worker, the Committee continued the hearing to the following afternoon. In the meantime, the Committee received oral reports from the staff psychologist and from Thorgaard's social worker. Based on those reports, the Committee reached a tentative decision to recommend that the district court relinquish jurisdiction in Thorgaard's case. At the rescheduled hearing, September 11, the Committee informed Thorgaard of its decision and gave him the following written explanation:

The report from your group facilitator [the social worker] indicates you are continuing to minimize, lack empathy and insight into your behavior. The psychological report is consistent with your group facilitator's observation and also places you as a high risk to reoffend. Based on this information the committee recommends the court drop jurisdiction.

Thorgaard then was placed in administrative segregation, advised of his right to a rebuttal hearing, and provided with paper and pencil. The following day, September 12, Thorgaard went before the Committee for his rebuttal hearing. At the conclusion of the rebuttal hearing, the Committee affirmed its earlier determination that probation was not appropriate in Thorgaard's case, and again decided to recommend that jurisdiction be dropped.

On September 20, 1990, the Committee sent its final report and recommendation, which included the completed written evaluations by the staff psychologist and the staff social worker, to the district court. Based upon that report and recommendation, the district court relinquished its jurisdiction, leaving Thorgaard to serve the remainder of his sentence in the custody of the Board of Correction. On October 31, 1991, Thorgaard filed a verified application for post-conviction relief, claiming that the review procedures employed by the Committee failed to provide him with due process of law as mandated by *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978). Following an evidentiary hearing, the district court denied Thorgaard's request for relief and entered an order dismissing his application.

On appeal from that order, Thorgaard argues that the procedure employed by Committee during his jurisdictional review violated his due process rights in the following respects: (1) he was not afforded an opportunity to review or know the contents of either his psychologist's report or the report from his social worker; (2) the psychological evaluation was performed by an unqualified individual; and (3) he was not informed of his right to call witnesses.

**904**

## Standard of Review.

■ An application for post-conviction relief initiates a special proceeding in which the applicant bears the burden of pleading and proof imposed upon a civil plaintiff. *Stuart v. State,* 118 Idaho 865, 801 P.2d 1216 (1990); *Clark v. State,* 92 Idaho 827, 452 P.2d 54 (1969). Where the applicant claims the procedures employed by the NICI jurisdictional review committee violated his rights to due process, he must allege, and then prove by a preponderance of the evidence, the facts establishing such violation. *McDonald v. State,* 124 Idaho 103, 856 P.2d 893 (Ct.App. 1992). In addition, the applicant must make a showing of prejudice. *Free v. State,* 125 Idaho 760, 874 P.2d 571 (Ct.App. No. 20300, slip op. December 21, 1993); *McDonald,* 124 Idaho at 106, 856 P.2d at 896.

■ When the district court conducts an evidentiary hearing on an application for post-conviction relief, it is required to "make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented." I.C. § 19–4907(a). On appeal, we will disturb the district court's findings of fact only if they are clearly erroneous. We freely review the legal conclusions drawn by the district court from those facts. *Free,* 125 Idaho at 763, 874 P.2d at 574, *Holmes v. State,* 104 Idaho 312, 658 P.2d 983 (Ct.App. 1983).

■ In the instant case, the district court failed to make any specific findings of fact, but issued only its conclusions that Thorgaard had not been denied his due process rights and that he was not entitled to post-conviction relief. Where, as here, the district court has failed to make specific findings, we will disregard such failure only if the record is clear and yields an obvious answer to the relevant questions posed on appeal. *Pope v. Intermountain Gas Co.,* 103 Idaho 217, 646 P.2d 988 (1982); *Murray v. State,* 121 Idaho 918, 922–23, 828 P.2d 1323, 1327–28 (Ct.App. 1992).

## Discussion.

■ The purpose of the retained jurisdiction procedure authorized by I.C. § 19–2601(4) is to provide a period for evaluation of the offender's potential for rehabilitation and suitability for probation. *State v. Wolfe, supra.* With the benefit of a report from the correctional facility, the sentencing court may modify the sentence or suspend the sentence and place the defendant on probation. *Id.,* at 385, 582 P.2d at 731; *McDonald,* 124 Idaho at 105, 856 P.2d at 895. In *Wolfe,* our Supreme Court held that an inmate possesses a liberty interest in the proceedings by which the staff at the correctional facility develops its report to the sentencing court. This liberty interest entitles the inmate to certain minimum due process safeguards. These are:

(a) adequate notice before the hearing, including notice of the substance of all matters that will be considered;

(b) an opportunity to explain or rebut any testimony or recommendations; and

(c) an opportunity to call witnesses in the inmate's behalf from among the employees and other prisoners at NICI.

*Wolfe,* 99 Idaho at 389, 582 P.2d at 735. This information is to be included in the report sent to the sentencing court. *Id.*

At the post-conviction relief hearing, Thorgaard testified he was never afforded an opportunity to review or know the contents of the reports given by the staff psychologist and the social worker. Although the district court made no finding on this factual matter, the state concedes, and uncontroverted evidence establishes, that this fact is true. Thorgaard further asserts that, by denying him access to the statements made in those reports, the Committee violated his due process rights as prescribed in *Wolfe.* The state contends, however, that the Committee's written explanation of its initial recommendation was sufficient to meet *Wolfe's* notice requirement, and that Thorgaard had received due process.

While we tend to agree that the Committee's explanation was adequate to apprise Thorgaard of the general "substance" of the matters contained in those reports—in accordance with the first procedural right articulated in *Wolfe*—such notice was not necessarily sufficient to enable Thorgaard to exercise his additional right to "explain or rebut" the adverse statements made in those reports to

the Committee. To establish a violation of this right, Thorgaard must show that the reports contained statements he could have rebutted or explained. *Free,* 125 Idaho at 765, 874 P.2d at 576. Moreover, to show entitlement to post-conviction relief, he must demonstrate prejudice. *Id.; McDonald,* 124 Idaho at 106, 856 P.2d at 896.

### 1. The psychologist's report.

■ We first consider whether Thorgaard is entitled to relief based on the fact that he was not apprised of the statements contained in the psychologist's report. According to the Committee chairman, the Committee based its recommendation, in part, on the staff psychologist's oral report of her findings. That report, later reduced to writing, was based upon the results of psychological tests[1] administered to Thorgaard, and contained in the written report sent to the sentencing court.

The state has asserted that NICI follows an established policy—adopted for the safety and welfare of its inmates—that inmates not be shown their psychological evaluations. Thus, even if a written report had been available, the state argues, Thorgaard was not entitled to know of the psychologist's statements.[2] We need not decide in this case whether the NICI policy is violative of the procedural safeguards announced in *Wolfe.* Even assuming Thorgaard did have a right to learn of the statements contained in the psychologist's report, he has failed to demonstrate that the deprivation of such right resulted in any prejudice that would entitle him to relief. To demonstrate prejudice, it was incumbent upon Thorgaard to show what he would or could have done to rebut or explain the report. *Free,* 125 Idaho at 765, 874 P.2d at 576. Although Thorgaard obtained and reviewed the written report prior to the post-conviction relief hearing, he has identified no inaccuracies in that report, nor has he offered anything to rebut or explain any of statements contained therein. Absent a

showing of prejudice, the Committee's withholding of the psychological report does not provide a basis for post-conviction relief.

Thorgaard has also sought relief based on his allegation that the staff psychologist, Linda Fulkerson, was not qualified to conduct the evaluation. Having failed to show any error or inadequacy in her report, however, Thorgaard has failed in his burden of establishing prejudice. Consequently, his claim for relief on that ground was properly denied.

### 2. The social worker's report.

■ We next consider whether the Committee's failure to inform Thorgaard of the statements contained in his social worker's report constituted a due process violation entitling Thorgaard to relief. In her one-half page report to the Committee, Thorgaard's social worker, Diane Yeoman, concluded that Thorgaard was a poor candidate for rehabilitative treatment because he "has not displayed victim empathy, lacks insight into his offending behavior and has not accepted responsibility for his actions." A review of the report shows that these conclusions are drawn from Yeoman's observations of Thorgaard during the weekly meetings of the sex offender group. Yeoman reported that Thorgaard would often break down and weep, but that "the tears were plainly for himself and his predicament not for his victim or even guilt." She further stated that "at no time has [Thorgaard] even come close to displaying victim empathy." She also related that on another occasion, when Thorgaard was asked what he thought would have happened to his victim had he persisted in his abuse, Mr. Thorgaard stated, "I don't really know." She then observed, "It never occurred to him how badly the child could have been injured."

Thorgaard complains that these statements were inaccurate and distorting. Although he was advised of the conclusion that

1. These tests included the MMPI, the CPI profile, the Sacks Sentence Completion test, the Bender–Gestalt test, and the House–Tree–Person test.

2. Even if Thorgaard had been informed of the report's contents, there was little in it he was

entitled to explain or rebut. He was neither qualified to challenge the reliability of the testing process nor entitled to have his own expert rebut the psychologist's report. *See State v. Hall,* 112 Idaho 925, 736 P.2d 1379 (Ct.App.1987).

he "lacked victim empathy," Thorgaard contends he was never informed of, and therefore had no way of correcting or explaining, the statements supporting that conclusion. To that extent, he argues, he was deprived of his right to explain or rebut the adverse statements made to the Committee. We agree.

*Wolfe* expressly provides that the inmate shall be afford the opportunity to rebut and explain adverse testimony. The Committee's failure to apprise Thorgaard of the unfavorable statements made to it by the social worker effectively deprived him of the opportunity to exercise that right. Moreover, it is clear that where an inmate is denied access to information which he is otherwise entitled to rebut, he is necessarily denied the right to call rebuttal witnesses. We therefore hold that the district court's contrary conclusion—that Thorgaard had not shown a violation of his due process rights—was in error.

We further conclude that Thorgaard has made the requisite showing of prejudice. At the post-conviction relief hearing, Thorgaard testified that although he was *initially* oblivious to the harm his actions posed to his victim, he in fact had come to realize, during his group therapy sessions, that "very serious damage could have been done and I expressed that." He also testified, in contradiction to the social worker's statements, that he had in fact expressed empathy for his victim during his group sessions and also to his fellow inmates. Further, he testified that had he been aware of the misstatements contained in Yeoman's report, he would have corrected the report by presenting rebuttal evidence, including testimony from the other members of his sex offender group who could testify to his demonstrations of empathy.

We conclude that Thorgaard's explanations and proffered rebuttal statements, if present-

ed to the Committee and the sentencing court, would have tended to impeach the accuracy of the Yeoman's report, to rebut some of the disfavorable statements made by her, and to provide a more complete picture of the facts upon which she based her conclusions. Given this showing we cannot say, as a matter of law, that such additional information was immaterial to Committee's final recommendation or to the sentencing court's decision to relinquish jurisdiction. Accordingly, we hold that Thorgaard has established his entitlement to post-conviction relief.[3]

### Disposition on Appeal.

A constitutional error occurring at the NICI proceeding, if shown to be prejudicial, taints the sentencing court's order to relinquish jurisdiction. In such a case, the appropriate appellate response ordinarily is to remand for a proper exercise of discretion, free of error. *Free,* 125 Idaho at 793, 874 P.2d at 578, *McDonald,* 124 Idaho at 107, 856 P.2d at 897; *Dyer v. State,* 115 Idaho 773, 769 P.2d 1145 (Ct.App.1989).[4] However, as we observed in *Free,* any attempt to conduct a new hearing at NICI to redetermine the inmate's suitability for probation or modification of sentence would be both impossible and pointless. 125 Idaho at 793, 874 P.2d at 578. Rather, to further the inmate's interest in rehabilitation and the state's interest in protecting society, the appropriate inquiry on remand should focus on whether, at the present time, the inmate is a fit candidate for probation. *Id.* To that end, we direct the district court to conduct a new hearing at which Thorgaard's current institutional behavior, rehabilitative progress and potential, and fitness for probation may be examined. If the district court then concludes that Thorgaard should be placed on probation or that his sentence should be otherwise modi-

---

3. Because we have determined that Thorgaard is entitled to a new hearing, we need not address the additional allegation that the Committee failed to inform him of his right to call witnesses.

4. In *McDonald* we observed that a remand may be avoided if it is plain from the sentencing judge's own reasoning, expressed at the time of its decision, that the result would not have been different had the error not occurred, or if it

appears that a different result would represent an abuse of discretion. 124 Idaho at 107, 856 P.2d at 897 (citing *Dyer v. State,* 115 Idaho 773, 769 P.2d 1145 (Ct.App.1989)). In such circumstances, the sentencing court's reasoning is deemed to negate the claim of prejudice. In Thorgaard's case, however, the sentencing court relinquished jurisdiction without conducting a hearing or making any record of its reasoning.

fied, the court shall vacate the order relinquishing jurisdiction and enter an appropriate substitute order.

The district court's decision denying Thorgaard's application for post-conviction relief is reversed. This case is remanded to the district court for further proceedings consistent with this opinion.

LANSING, J., concurs.

PERRY, J., dissents without opinion.