935 P.2d 213

**Jaime Gonzales PARRA, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 23000.**

Court of Appeals of Idaho.

April 4, 1997.

Alan E. Trimming, Ada County Public Defender; Michael R. De Angelo, Deputy Public Defender (argued), Boise, for appellant.

Alan G. Lance, Attorney General; L. LaMont Anderson, Deputy Attorney General (argued), Boise, for respondent.

## PER CURIAM.

Jaime Gonzales Parra appeals from an order by the district court denying relief upon his post-conviction application. The order was entered following an evidentiary hearing. After reviewing Parra's claims and the record he has provided, we affirm the district court's order.

### FACTS AND PROCEDURE

After pleading guilty to one count of sexual abuse of a child, Parra was sentenced to a unified term of ten years with a three-year minimum period of incarceration. The district court retained jurisdiction under I.C. § 19-2601(4) while Parra was committed to the North Idaho Correctional Institution (NICI) to obtain more information on whether Parra would be a potential candidate for probation. Later, upon the recommendation of the Jurisdictional Review Committee, the district relinquished jurisdiction and ordered execution of Parra's previously imposed sentence. Parra did not appeal.

On December 9, 1994, Parra filed a *pro se* application for post-conviction relief from his judgment of conviction and sentence, and a request for appointed counsel. The district court granted his motion for counsel. Shortly thereafter, the district court issued a notice of intent to dismiss Parra's application pursuant to I.C. § 19-4906(c). Parra,

through his counsel, responded to the district court's notice, which resulted in the district court granting a hearing limited to Parra's allegations of due process violations at NICI. The remainder of Parra's claims were dismissed.

The district court heard testimony at the hearing, which was conducted on three separate dates, and requested that counsel submit briefs in support of their arguments. On April 25, 1995, the district court entered a memorandum decision and order denying relief on Parra's claims that his due process rights had been violated. From this order, Parra has appealed.

## ANALYSIS

■ The heart of Parra's request for post-conviction relief was that he suffered a denial of his due process rights at NICI, which ultimately led the district court to reject him as a candidate for probation and to relinquish jurisdiction. Parra's main contention on appeal is that he was not provided with the psychological evaluation which had been prepared to assess his amenability to sex-offender treatment and his rehabilitative potential. Citing the opinion of the United States District Court in *Browning v. Vernon*, 874 F.Supp. 1112 (D.Idaho 1994), Parra contends that withholding the evaluation was a *per se* violation of his federal due process rights, for which post-conviction relief must be granted.

The *Browning* court did not decide that any individual inmate had suffered an actual due process deprivation as a result of certain procedures used in the retained jurisdiction program. *Id.* at 1124. The federal court did enjoin certain procedures at NICI, including the failure to provide sex offenders with copies of their psychological reports, which the court determined to be unconstitutional based on established precedent. *Id.* at 1122, citing *Mathews v. Eldridge*, 424 U.S. 319, 346, 96 S.Ct. 893, 908, 47 L.Ed.2d 18 (1976), and *State v. Wolfe*, 99 Idaho 382, 389, 582 P.2d 728, 735 (1978).

Even though under *Browning* an inmate is entitled to a copy of the psychological evaluation that is reviewed by the Jurisdictional Review Committee, the inmate must never-

theless show prejudice to be entitled to post-conviction relief under I.C. § 19–4901. *See Free v. State*, 125 Idaho 760, 874 P.2d 571 (Ct.App.1993); *Bradford v. State*, 124 Idaho 788, 864 P.2d 626 (Ct.App.1993); *McDonald v. State*, 124 Idaho 103, 856 P.2d 893 (Ct.App. 1992). Parra, therefore, misreads *Browning* to establish a *per se* right to post-conviction relief once a constitutional violation has been proven.

■ As an alternative to his *per se* postulate, Parra argues that the due process standards were nevertheless violated when he was denied access to a complete copy of his psychological evaluation. He complains that without the information in the psychological evaluation, he was precluded from knowing the basis of the psychologist's findings and recommendations, calling witnesses to rebut the evaluation, and adequately preparing for his rebuttal hearing.

■ Where the district court enters findings of fact and conclusions of law in denying postconviction relief, the appellate court will not disturb the lower court's factual findings unless they are clearly erroneous, I.R.C.P. 52; *Russell v. State*, 118 Idaho 65, 794 P.2d 654 (Ct.App.1990), or unsupported by substantial evidence. *Holmes v. State*, 104 Idaho 312, 658 P.2d 983 (Ct.App.1983). However, we freely review the conclusions of law drawn by the district court from those facts. *Gee v. State*, 117 Idaho 107, 110, 785 P.2d 671, 674 (Ct.App.1990); *Reeves v. State*, 105 Idaho 844, 845, 673 P.2d 444, 445 (Ct.App. 1983).

■ A post-conviction applicant bears the burden not only to prove a constitutional violation, but also to demonstrate that he suffered some resulting prejudice that would entitle him to relief. *Free v. State*, 125 Idaho at 765, 874 P.2d at 576; *Bradford v. State*, 124 Idaho at 794, 864 P.2d at 632; *McDonald v. State*, 124 Idaho at 105, 856 P.2d at 895. To demonstrate prejudice from being denied access to the psychological evaluation, the applicant must indicate what he would or could have done to rebut the report. *Free*, 125 Idaho at 765, 874 P.2d at 576.

At the hearing on Parra's claims of due process violations, Terry Turner, a member

of the Jurisdictional Review Committee, testified he had given Parra notice that the committee intended not to recommend probation. Turner testified that he had further provided Parra with a summary of his psychological evaluation supporting the committee's recommendation. Turner also testified that it was NICI's policy at the time to make available to the inmate only a summary of such psychological reports rather than the entire report.[1] David Holloway, who prepared the psychological evaluation, testified that he had met with Parra at the end of the group sessions to communicate his opinion about Parra's amenability to treatment and risk to reoffend.

According to Parra's direct testimony, he had received neither the notice nor the summary referred to by Turner prior to his review hearing. During his cross-examination, however, Parra admitted receipt of the two-page summary of the psychological evaluation. Parra also disputed that Holloway had informed him of the contents of his report. Nevertheless, Parra obtained written statements from twenty-one character witnesses commenting on his probation plan, his motivation for treatment, and his risk to reoffend; and he submitted these statements at the rebuttal hearing.

In its memorandum decision, the district court found that Parra had received the following notice:

> While your behavior within the structure of the institution has been acceptable, the psychological evaluation indicates that "Mr. Parra is not motivated for outpatient specialized sex offender treatment, is unwilling to see himself as a sex offender and places blame on his victims. Over all, he could not be considered amenable to outpatient specialized sex offender treatment.... He could be considered a high risk to reoffend."

Viewing Turner's testimony as more credible and reliable than Parra's testimony, the district court found that Parra had been given a two-page summary of the psychological evaluation in compliance with the policy then in

force at NICI. The district court concluded that Parra was aware of the issue regarding his motivation for treatment which was of particular concern to the Jurisdictional Review Committee. Based on these findings, the district court held that Parra had not shown he suffered a deprivation of his rights or that being given but a summary of his psychological evaluation prejudiced him in any way. From our review of the record, we conclude there is substantial evidence to support the district court's finding that Parra was given a summary of his psychological evaluation.

However, Parra contends that the two-page summary nevertheless was not sufficient to comply with due process requirements. In *Wolfe*, our Supreme Court held that among the due process procedures to be followed by the jurisdictional review committee, the inmate must receive "notice of the substance of all matters that will be considered." 99 Idaho at 389, 582 P.2d at 735. We observed in *Bradford* that:

> So long as the inmate is provided the information upon which the committee bases its tentative decision, the committee does not rely on secret information and the inmate is therefore given an opportunity to present rebuttal evidence to the committee, the due process standards mandated by *Wolfe* have been met.

124 Idaho at 791, 864 P.2d at 629. Here, providing Parra only with the summary—but not the entire evaluation report—contravened our decision in *Bradford* because it resulted in the use by the committee of information which Parra was not made aware of or afforded an opportunity to rebut. We conclude that, as a matter of due process, Parra should have been given a copy of the entire report, not merely a summary.

Nonetheless, although Parra was entitled to see the entire evaluation report, not just a summary, the wording of the report would be grounds for relief only if Parra demonstrates prejudice, *i.e.*, that there was something more he could and would have done to rebut the report. *Thorgaard v. State*, 125 Idaho

1. During oral argument on this appeal, the Court was advised that the NICI policy was changed as a result of *Browning* (decided subsequent to Parra's jurisdictional review process) and that inmates are now provided with a copy of the entire report, not merely a summary.

901, 905, 876 P.2d 599, 603 (Ct.App.1994). Parra has not shown that, if he had seen the entire psychological report, he could have and would have presented any additional evidence that differed in substance from the evidence he did present to the jurisdictional review committee. Having failed to show any prejudice from the alleged deprivation of his due process rights, therefore, Parra is not entitled to relief on his post-conviction claim concerning the psychological evaluation.

■ Finally, Parra maintains that his due process rights were violated by conducting his hearings at NICI with less than a three-member panel of the Jurisdictional Review Committee. Parra argues that the conclusions of the absent committee members and, therefore, the decision of the committee, were not subject to rebuttal.

Parra did not assert this particular due process violation with respect to his initial review determination at NICI, in the proceeding before district court. Therefore, the argument insofar as it challenges the initial review process, which is being raised for the first time on appeal, will not be considered. *State v. Lavy*, 121 Idaho 842, 828 P.2d 871 (1992).

■ Parra claimed in his application for post-conviction relief that due process required that his rebuttal hearing—as distinguished from the initial review determination—be conducted by a three-member panel. In his memorandum in support of his application, filed March 11, 1996, Parra reasserted the issue, relying on *Browning, supra,* as authority requiring a three-member panel in order to assure a decision by an impartial hearing examiner. However, neither *Wolfe* nor *Browning* requires a specific number of hearing examiners. Furthermore, Parra did not show how he was prejudiced in any way due to the make-up or participation of the members of the review committee.

## CONCLUSION

Parra failed to show any prejudice from the alleged denial of due process rights with regard either to the withholding from him of the psychological evaluation or as to the number of committee members as examiners at his rebuttal hearing. The district court correctly determined that Parra was not entitled to relief on his post-conviction application.

The order of the district court denying post-conviction relief is affirmed.