**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 40705/40706**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 734 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 31, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| NICHOLAS WILLIAM SHUFF, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Steven C. Verby, District Judge.

Orders relinquishing jurisdiction and executing concurrent, unified five-year sentences, with two years determinate, for possession of a controlled substance and possession of a controlled substance with intent to deliver, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben Patrick McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

---

PER CURIAM

Pursuant to a plea agreement, Nicholas William Shuff pled guilty to possession of a controlled substance (methamphetamine), Idaho Code § 37-2732(c)(1), and possession of a controlled substance with intent to deliver (marijuana), I.C. § 37-2732(a), in docket numbers 40705 and 40706 respectively. The district court sentenced Shuff to a concurrent, unified term of five years, with two years determinate, in each case and retained jurisdiction. After a period of retained jurisdiction, the district court relinquished jurisdiction and executed the initial sentences in both cases. Shuff appeals, contending his sentences are excessive and that the district court abused its discretion by failing to reduce his sentences upon relinquishing

1

jurisdiction. The State asserts Shuff waived his right to appeal his sentences in the plea agreement. The two cases are consolidated on appeal.

The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Assuming Shuff's waiver of his right to appeal his sentences is not implicated and assuming he may appeal the district court's failure to reduce a sentence sua sponte upon relinquishment of jurisdiction, *see Hood*, 102 Idaho at 712, 639 P.2d at 10; *Thorgaard v. State*, 125 Idaho 901, 905, 876 P.2d 599, 602 (Ct. App. 1994) (citing *State v. Wolfe*, 99 Idaho 382, 385, 582 P.2d 728, 731 (1978) *overruled on other grounds by State v. Coassolo*, 136 Idaho 138, 30 P.3d 293 (2001)), we find no abuse of discretion in the relinquishment of jurisdiction without modification of the initial sentences. Accordingly, the orders relinquishing jurisdiction and requiring execution of Shuff's initial sentences are affirmed.