**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40730**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 458 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 17, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MARK EDWARD FOSTER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Order relinquishing jurisdiction and executing unified sentence of six years, with two years determinate, affirmed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Mark Edward Foster pled guilty to failure to register as a sex offender. Idaho Code § 18-8307. The district court sentenced Foster to a unified term of six years, with two years determinate, but suspended the sentence and placed Foster on probation. Subsequently, Foster admitted to violating several terms of his probation. The district court revoked probation, executed Foster's underlying sentence, and retained jurisdiction. Upon review of Foster's period of retained jurisdiction, the district court relinquished jurisdiction. Foster appeals, contending the district court abused its discretion by relinquishing jurisdiction and by failing to sua sponte reduce Foster's sentence upon relinquishing jurisdiction.

1

The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Assuming Foster may appeal the district court's failure to reduce a sentence sua sponte upon relinquishment of jurisdiction, *see Hood*, 102 Idaho at 712, 639 P.2d at 10; *Thorgaard v. State*, 125 Idaho 901, 905, 876 P.2d 599, 602 (Ct. App. 1994) (citing *State v. Wolfe*, 99 Idaho 382, 385, 582 P.2d 728, 731 (1978) *overruled on other grounds by State v. Coassolo*, 136 Idaho 138, 30 P.3d 293 (2001)), we find no abuse of discretion in the relinquishment of jurisdiction without modification of the initial sentence. Accordingly, the order relinquishing jurisdiction and requiring execution of Foster's initial sentence is affirmed.