IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 43148

| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 595 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 13, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JACOB DOUGLAS KEENE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

Order revoking probation, affirmed.

Eric D. Fredericksen, Interim State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

HUSKEY, Judge

Jacob Douglas Keene appeals from the district court's order revoking his probation, arguing the district court's decision was tainted by factual and legal error. For the reasons set forth below, we affirm the district court's order.

I.

FACTS AND PROCEDURE

In 2008, Keene pleaded guilty to felony driving under the influence, Idaho Code §§ 18-8004, -8005. The district court imposed a unified seven-year sentence, with two years determinate, suspended the sentence, and placed Keene on probation. In 2010, Keene violated the terms of his probation when he pleaded guilty to disturbing the peace, and the district court revoked and reinstated probation. In 2011, Keene again violated probation by using methamphetamine and not reporting his change of residence to his probation officer. The district court revoked probation, retained jurisdiction, and reinstated probation after Keene successfully

1

completed a period of retained jurisdiction. In 2012, Keene violated probation for a third time by consuming alcohol on multiple occasions. The district court revoked and reinstated probation, with the additional condition that Keene successfully complete the Ada County Drug Court program.

In 2014, the State filed a motion for bench warrant for probation violation, alleging Keene violated his probation by failing to successfully complete drug court. The State also filed a motion to discharge Keene from drug court, alleging Keene committed twenty-two violations of his drug court agreement. At the drug court discharge hearing, Keene admitted to thirteen of the violations including failure to attend required meetings, missed urinalyses and breathalyzers, violations of no-contact orders, and maintaining a relationship with a fellow drug court participant. A probation officer testified he found expired Zyprexa pills at Keene's residence, and Zyprexa was not a disclosed or approved medication for Keene.

Based on Keene's admissions, the court determined that Keene failed to "adhere to Drug Court rules and regulations." In deciding whether to terminate or continue Keene in drug court, the court found Keene had been in the program for twenty-eight months, when on average, participants complete the program in seventeen to eighteen months. Further, the drug court found Keene "had not exhibited the behavior or progress in phase 3 that demonstrated eligibility for promotion to phase 4 in the immediate future." The drug court concluded the "defendant's lack of progress and continuing issues with honesty given the length of his involvement in Drug Court demonstrate that this program is not for him at this time." As a result, the district court entered an order discharging Keene from drug court "for failing to adhere to Drug Court rules and regulations."

Keene's failure to successfully complete drug court was the sole allegation in the motion for probation violation.[1] At the probation violation evidentiary hearing, the district court took judicial notice of the order for discharge and found Keene violated the terms and conditions of his probation by not successfully completing drug court. Before the probation violation disposition hearing, Keene obtained treatment records indicating that Keene had disclosed his prescription of Zyprexa to the drug court. At the disposition hearing, the district court stated: "I

---

[1]     On November 18, 2014, the State filed a motion for bench warrant for probation violation and a motion for discharge from Ada County Drug Court program alleging probation violations.

will acknowledge that the records do reflect that the Zyprexa was disclosed on your initial forms . . . . But, ultimately, that is not why I made the decision for the discharge." The district court explained multiple reasons for discharging Keene from drug court and revoking his probation:

> [T]here comes to be a point where we can't foresee that you are going to be able to finish [drug court]. We don't want drug court to become a chronic condition . . . .
>
> And I have known throughout your case that you have had mental health issues . . . . But I also know that, while mental health issues may be an explanation for some things, they are also not a justification for others, like the honesty issues that you have had throughout drug court.
>
> . . . . [Y]ou have been in this case for seven years. [Y]ou have served your sentence, except it hasn't been behind bars; it's just been in and out of jail and then a period in drug court where you've been in and out of jail. You're doing your seven years in installments.
>
> . . . .
>
> So all of those things factor into it.

The district court revoked Keene's probation and commuted Keene's sentence to 730 days in the Ada County Jail with credit for 440 days served, leaving 290 days to serve in county jail. Keene timely appeals.

## II.

## ANALYSIS

### A. Mootness

Although Keene has completed his sentence, Keene argues his argument is not moot because there is a possibility for him to prevail on appeal, be reinstated on probation, successfully complete probation, and then request his felony conviction be reduced to a misdemeanor pursuant to I.C. § 19-2604(3). The State concedes there is theoretical relief for Keene under I.C. § 19-2604(3), but it is "very unlikely" and "there is, in a practical sense, no clearly identifiable or cognizable relief available to Keene." Further, the State argues Keene's argument is moot because Keene has completed his sentence.

Generally, appellate review of an issue will be precluded where an issue is deemed moot. *State v. Manley*, 142 Idaho 338, 343, 127 P.3d 954, 959 (2005). A felony conviction that has collateral consequences and the fact that an appellant has fully served his sentence does not moot that appellant's appeal. *State v. Lute*, 150 Idaho 837, 839, 252 P.3d 1255, 1257 (2011). A case becomes moot when the issues presented are no longer live or the defendant lacks a legally

cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991).

Here, the likelihood of Keene's success on probation is immaterial in determining whether Keene has a legally cognizable interest; thus, his appeal is not moot.

B. **Abuse of Discretion in Revoking Probation**

The probation violation at issue is Keene's failure to successfully complete drug court. Keene argues the district court abused its discretion in revoking Keene's probation based on his discharge from drug court because the discharge from drug court was tainted by factual error. Keene contends the factual error relied on by the drug court was that Keene possessed unauthorized Zyprexa, when treatment records show Keene disclosed his possession of Zyprexa to the drug court. Keene argues the district court would not have revoked probation if the information about Zyprexa was accurate. The State argues the district court properly revoked probation based on Keene's length of time in drug court, Keene's honesty issues, and the numerous occasions Keene failed to comply with the terms of community supervision and drug court.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222(2); *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). If a court has determined that the defendant violated his probation, it must then determine whether to revoke or continue probation. *State v. Sanchez*, 149 Idaho 102, 105, 233 P.3d 33, 36 (2009). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and is consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. This decision is committed to the discretion of the trial court, and we review the determination for an abuse of discretion. *State v. Reine*, 122 Idaho 928, 931, 841 P.2d 458, 461 (Ct. App. 1992); *State v. Roy*, 113 Idaho 388, 392, 744 P.2d 116, 120 (Ct. App. 1987). Where the district court acts within the boundaries of its discretion, consistently with the applicable legal standards and through an exercise of reason, we will not reverse. *Hass*, 114 Idaho at 558, 758 P.2d at 717. When a discretionary ruling has been tainted by legal or factual error, we ordinarily vacate the decision and remand the matter for a

4

new, error-free discretionary determination by the trial court. *McDonald v. State*, 124 Idaho 103, 107, 856 P.2d 893, 897 (Ct. App. 1992). However, a remand may be avoided where it is apparent from the record that the result would not change or that a different result would represent an abuse of discretion. *Id.* (citing *Dyer v. State*, 115 Idaho 773, 776, 769 P.2d 1145, 1148 (Ct. App. 1989)). Therefore, if the district court erred in finding one probation violation, but correctly found one or more other violations, remand is not necessary if it is clear from the record that the district court would have revoked probation based solely upon the other violations. *See State v. Mummert*, 98 Idaho 452, 455, 566 P.2d 1110, 1113 (1977).

### 1. The discharge from drug court

Keene contends the drug court's decision to discharge Keene was based, in part, on a factual error, and such reliance constituted an abuse of discretion. The factual error, Keene asserts, was that Keene failed to disclosure the Zyprexa medication to drug court personnel.

Here, the record supports the district court's decision to discharge Keene from drug court. As noted above, the State brought a motion to discharge Keene from drug court, alleging Keene committed twenty-two violations of his drug court agreement. Keene subsequently admitted to thirteen violations of the drug court agreement raised in the motion to discharge. Based on Keene's admissions to the violations, the drug court discharged Keene for "failing to adhere to Drug Court rules and regulations." Thus, the district court did not discharge Keene from drug court based on the Zyprexa issue, but instead, based on the thirteen other violations Keene admitted. Therefore, the decision to discharge Keene from drug court was not based on a factual error, and the district court did not abuse its discretion in discharging Keene from drug court.

### 2. Revocation of probation

Keene argues the district court abused its discretion when it relied on the drug court discharge as a basis for revoking Keene's probation because the discharge was based on a factual error. Keene asserts, as noted above, the factual error was the district court's belief that Zyprexa was not a disclosed medication at the time Keene entered drug court. There are two reasons this argument is unpersuasive. First, Keene concedes there was substantial evidence in the record to support the district court's finding that Keene violated his probation by failing to successfully complete drug court. Second, the district court did not revoke probation based on the Zyprexa issue and thus, there was no factual or legal error relied upon by the district court in revoking probation. The court acknowledged Keene's Zyprexa disclosure, but explained the Zyprexa

5

issue was not the reason for discharge from drug court; it was the other admissions made by Keene. The court then revoked Keene's probation because Keene failed to successfully complete drug court. The record demonstrates the district court considered further probation inappropriate in light of Keene's unwillingness to comply with the terms of probation, including the terms and conditions of drug court, and that probation would have been revoked regardless of whether the district court considered the Zyprexa disclosure.

The district court did not abuse its discretion in revoking Keene's probation, and its decision is supported by Keene's admission that there was substantial evidence to find Keene violated probation by failing to complete drug court.

## C.     Fundamental Error

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Idaho decisional law, however, has long allowed appellate courts to consider a claim of error to which no objection was made below if the issue presented rises to the level of fundamental error. *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court abandoned the definitions it had previously utilized to describe what may constitute fundamental error. The *Perry* Court held that an appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Id*. at 226, 245 P.3d at 978.

Keene argues the district court discharged him from drug court based on his lack of progress, and because that lack of progress was not a violation alleged in the State's motion for discharge, Keene was deprived of his procedural due process rights. The State argues Keene failed to show that the district court violated constitutional due process by relying on the discharge decision, and Keene also failed to show that he was deprived of due process at the discharge hearing. Here, a condition of Keene's probation was that he successfully complete drug court. As discussed above, the drug court did not find Keene violated the terms and conditions of drug court by failing to make progress. Instead, the drug court determined Keene

6

had violated the terms and conditions of drug court based on Keene's admission to thirteen violations of the drug court agreement.

Thereafter, in deciding whether to terminate or continue Keene in drug court, the court considered Keene's lack of progress in the program. While the lack of timely progress was a factor in disposition, it was not a factor in determining whether Keene violated the terms and conditions of drug court. In determining that continued participation in drug court was not appropriate, the court considered, among other things, Keene's lack of progress. Much like probation revocation, it is appropriate for the drug court to consider a multitude of factors in making its discharge determination; thus, it was appropriate to consider Keene's lack of progress and honesty issues in deciding to discharge Keene from drug court. *See Upton*, 127 Idaho at 275, 899 P.2d at 985. As such, there was no due process violation that occurred in Keene's discharge from drug court.

Similarly, the district court's reliance on Keene's discharge from drug court to revoke probation did not violate due process. Keene concedes there was substantial evidence to find he failed to complete drug court, separate from the Zyprexa issue. The probation violation allegation was that Keene failed to satisfactorily complete drug court. In essence, Keene acknowledges there was substantial evidence justifying the court's decision to revoke probation. Keene has made no allegation that there were any procedural defects in the probation revocation. Here, the district court had thirteen different bases on which it could have revoked probation because each of Keene's admitted drug court agreement violations could have been the basis for discharging him from drug court. Similarly, each admission resulting in a termination from drug court would have supported the district court's finding that probation had been violated. The district court explained multiple reasons for revoking probation, all of which are supported by the record, and that continued probation was not a viable option.

Moreover, it is clear from the record that the district court would have revoked probation based upon the other violations, given Keene's history of failing to meet the terms and conditions of his probation. For these reasons, we conclude that Keene has failed to meet his burden under the first prong of *Perry* because he has failed to show that a constitutional right was violated, and we need not address the other prongs of the *Perry* analysis.

## III.

## CONCLUSION

The district court did not abuse its discretion in revoking Keene's probation because there was substantial evidence in the record showing Keene violated his probation by failing to complete drug court. Moreover, Keene did not establish fundamental error in regards to his constitutional arguments. Therefore, we affirm the district court's order revoking Keene's probation.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.