**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38568**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2012 Unpublished Opinion No. 609** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: August 28, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **MAURICE ANTHONY STAPLES,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Richard D. Greenwood, District Judge.

Orders relinquishing jurisdiction and denying motion for reduction of sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Maurice Anthony Staples appeals from the district court's order relinquishing jurisdiction, and its order denying Staples' Idaho Criminal Rule 35 motion for reduction of sentence. Staples also challenges an Idaho Supreme Court order denying his motion to augment the record for this appeal. We affirm.

**I.**

**BACKGROUND**

In 2008, the State charged Staples with attempted strangulation, aggravated assault, domestic assault in the presence of a child, and malicious injury to property. Pursuant to a plea agreement, the State reduced the attempted strangulation charge to domestic battery with traumatic injury, to which Staples pleaded guilty, and the remaining charges were dismissed. The district court imposed a unified sentence of ten years with five years fixed, but retained

1

jurisdiction. At the close of the retained jurisdiction period, the district court placed Staples on probation.

A year later, Staples admitted to three probation violations. The district court revoked his probation but retained jurisdiction a second time. Three months into the retained jurisdiction period, correctional authorities filed an addendum to the presentence investigation report recommending relinquishment of jurisdiction. Following a hearing, the district court entered an order relinquishing jurisdiction and executing the underlying sentence. Thereafter, Staples filed an Idaho Criminal Rule 35 motion for reduction of sentence. The district court denied the motion. Staples appeals from the orders relinquishing jurisdiction and denying the motion for reduction of sentence.

## II.

## ANALYSIS

Staples asserts on appeal that the district court erred in relinquishing jurisdiction and in denying his subsequent motion for reduction of sentence. In addition, Staples' appellate brief argues that the Idaho Supreme Court's order denying his motion to augment the appellate record with additional transcripts violated Staples' constitutional rights to due process, equal protection, and effective assistance of counsel.

As requested in Staples' notices of appeal, transcripts of the second jurisdictional review hearing and a hearing on the motion for reduction of sentence were prepared at public expense and are part of the record in this appeal. While this appeal was pending, Staples filed a motion to suspend the briefing schedule and to augment the appellate record with, among other things, transcripts of the hearing where he admitted probation violations and the subsequent probation violation disposition hearing. Because Staples is indigent, he requested that these transcripts be prepared at public expense. The Idaho Supreme Court denied Staples' motion for additional transcripts without comment, and this case was subsequently assigned to this Court for disposition.

Staples' brief presents argument that the denied transcripts are needed for effective review of his claims of district court error and, therefore, the Idaho Supreme Court violated his rights to due process and equal protection and his right to effective assistance of counsel by denying his motion to augment the record on appeal. We recently addressed a nearly identical

argument in *State v. Morgan*, ___ Idaho ___, ___ P.3d ___ (Ct. App. July 10, 2012), *rev. pending*, where we said:

> We begin by disclaiming any authority to review and, in effect, reverse an Idaho Supreme Court decision on a motion made prior to assignment of the case to this Court on the ground that the Supreme Court decision was contrary to the state or federal constitutions or other law. Such an undertaking would be tantamount to the Court of Appeals entertaining an "appeal" from an Idaho Supreme Court decision and is plainly beyond the purview of this Court. Nevertheless, if a motion is, in effect, renewed by the movant, and new information or a new or expanded basis for the motion is presented to this Court that was not presented to the Supreme Court, we deem it within the authority of this Court to evaluate and rule on the renewed motion in the exercise of our responsibility to address all aspects of an appeal from the point of its assignment to this Court. Such may occur, for example, if the completed appellant's and/or respondent's briefs have refined, clarified, or expanded issues on appeal in such a way as to demonstrate the need for additional records or transcripts, or where new evidence is presented to support a renewed motion.[1]

Staples has not filed with this Court a renewed motion to augment the record, nor has he presented to this Court in his briefing any significant new facts or a new justification for augmentation beyond that already advanced in his motion to the Supreme Court. He is, in substance, asking us to determine that the Idaho Supreme Court violated constitutional law by denying his motion. As that is beyond the scope of our authority, we will not address the issue further.

Staples next asserts that the district court erred by relinquishing jurisdiction. During a period of retained jurisdiction, a defendant is placed in the custody of the Department of Correction for purposes of evaluating the defendant's rehabilitative potential and suitability for probation. *State v. Goodlett*, 139 Idaho 262, 264, 77 P.3d 487, 489 (Ct. App. 2003); *Thorgaard v. State*, 125 Idaho 901, 904, 876 P.2d 599, 602 (Ct. App. 1994); *Free v. State*, 125 Idaho 760, 762, 874 P.2d 571, 573 (Ct. App. 1993). Before the end of the retained jurisdiction period, personnel of the correctional facility prepare an addendum to the presentence investigation report (APSI), which is submitted to the sentencing court. Idaho Code § 19-2601(4).

Here, the district court concluded that Staples' conduct while on retained jurisdiction did not demonstrate that he was suitable for probation. As reported in the APSI, Staples received

---

[1]     In *Morgan*, for the purpose of a complete discussion, we addressed on the merits each argument now being advanced by Staples in this appeal. We rejected them all as without merit.

3

three verbal warnings for misusing portfolio computers to create unauthorized documents, for sitting on other offenders' beds, and for failing to stay inspection-ready during inspection time periods. Staples received a written warning for falling asleep during programming classes. He also received infractions for leaving a class in mid-session without permission and for not attending a scheduled class. When he did attend classes, he did not meaningfully participate but instead sat with his head in his hands as though asleep. He did not meaningfully participate in group discussions or process sessions, nor satisfactorily complete homework assignments. Instead, Staples spent a great deal of time explaining to correctional personnel why these classes, programming, and assignments did not, in his opinion, apply to his situation.

The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record supports the district court's determination that Staples' conduct while on retained jurisdiction showed that he was not suitable for probation. Staples has not shown that the district court abused its discretion, and we therefore affirm the order relinquishing jurisdiction.

Staples last asserts that the district court erred by denying his motion for reduction of sentence. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).

Here Staples asserted that his sentence should be reduced because his family needed his financial support. The district court determined that this "new" information did not warrant a reduction of sentence. We hold that Staples has failed to establish an abuse of discretion, and we therefore affirm the district court's order denying the motion for reduction of sentence.

The district court's orders relinquishing jurisdiction and denying Staples' Rule 35 motion are affirmed.

Chief Judge GRATTON and Judge MELANSON **CONCUR.**

4